MICHAEL E. COX,                         )

                                     )

             Petitioner,           )

                                     )

      v.                        )         No. 1:19-cv-00185-JAR

                                     )

ROBERT ZAC HORACK,          )

                                     )

                                     )

            Respondent.       )

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of a document filed by petitioner Michael E. Cox that has been construed by the Court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the petition will be denied and dismissed for failure to exhaust state remedies.

## **Background**

Petitioner is a pro se litigant currently incarcerated at the Scott County Jail in Benton, Missouri. He was arrested on June 8, 2019 on charges of assault in the first degree, burglary in the first degree, unlawful use of a weapon, and armed criminal action. *State of Missouri v. Cox*, No. 19SO-CR00525 (33rd Cir., Scott County).[1] Petitioner's case was bound over to the circuit court on October 8, 2019. On October 24, 2019, the State of Missouri charged petitioner by information with assault in the first degree, unlawful use of a weapon, and armed criminal action. *State of*

---

[1] Petitioner's state criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

*Missouri v. Cox*, No. 19SO-CR00525-01 (33rd Cir., Scott County). Petitioner was appointed a defense attorney. A jury trial has been scheduled for March 6, 2020.

## The Petition

Petitioner filed the instant action on October 15, 2019. (Docket No. 1). The document he filed with the Court is styled as a "Rule 91 Writ of Habeas Corpus," which has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, petitioner states that he is being unlawfully held at the Scott County Jail. (Docket No. 1 at 1). He asserts that he has had six separate preliminary hearings, and that the alleged victim in his case has never appeared. (Docket No. 1 at 1-2). Petitioner argues that his case should be dismissed because there cannot be a jury trial without a victim. (Docket No. 1 at 5). He further claims that he has been denied the right to confront and cross-examine his accuser. Petitioner asks the Court to grant his petition and dismiss his state criminal case. (Docket No. 1 at 6).

## Discussion

Petitioner has filed a petition for writ of habeas corpus, seeking to have his state criminal charges dismissed because the alleged victim in his case did not testify at the preliminary hearing. For the reasons discussed below, the petition will be denied and dismissed for failure to exhaust state remedies.

### A. Construction of Petition as Arising Under 28 U.S.C. § 2241

The petition filed in this case is titled "Rule 91 Writ of Habeas Corpus." The title appears to be in reference to Missouri State Supreme Court Rule 91, which contains the rules for habeas corpus actions in state circuit court. *See* Mo. Sup. Ct. R. 91. The Court has construed this document as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.[2] Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). *See also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

Here, petitioner is a pretrial detainee. He is in state custody – incarcerated at the Scott County Jail – and awaiting trial, which is set for March 6, 2020. Because he has not yet been convicted, he cannot bring this action pursuant to 28 U.S.C. § 2254, which applies to prisoners

---

[2] *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States").

who are in custody "pursuant to the judgment of a State court." Therefore, this action will be treated as though brought under § 2241.

## B. Exhaustion of State Remedies

As noted above, a pretrial detainee can bring a habeas petition pursuant to the general writ of habeas corpus in 28 U.S.C. § 2241. Nonetheless, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).

Although the language of § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases). *See also Sacco*, 649 F.2d at 635-36 (stating that a petitioner seeking relief from state custody pursuant to § 2241 was "required to exhaust his state remedies"); *Hogquist v. Anoka Cty. Dist. Courts*, 2019 WL 6879367, at *1 (D. Minn. 2019); and *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994).

A prisoner can only avoid exhausting state remedies if he can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); and *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal

and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

In this case, petitioner has not established that he has exhausted his state remedies. First, this is clearly an issue that may be resolved by a trial on the merits. That is, petitioner's claim that he has not had the opportunity to confront and cross-examine the alleged victim is likely to be addressed at his trial. However, that trial has not yet occurred. As noted above, district courts should abstain from § 2241 jurisdiction in such situations. Second, there is no indication that petitioner has filed any state court action, such as a state habeas petition, regarding his claims, or that he has received a final state court judgment on such action. *See Hogquist*, 2019 WL 6879367, at *1 (explaining that "[a] state pretrial detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available"). Finally, the petition does not contain any allegations demonstrating a "special circumstance" to excuse petitioner from the exhaustion requirement. *See Curtis v. Missouri*, 2019 WL 5558224, at *1 (E.D. Mo. 2019) (stating that courts "have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised").

Nothing in the petition tends to show that the Missouri courts are inadequate to decide petitioner's claims relating to his criminal case. Furthermore, if petitioner believes that the Missouri state courts have wrongly adjudicated his claims, he can bring a petition pursuant to 28 U.S.C. § 2254, after he has exhausted his state remedies. At this point, though, it is too early for petitioner to seek federal habeas relief from his ongoing state-court prosecution.

### C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner

is not entitled to relief. This rule is applicable to petitions arising under 28 U.S.C. § 2241.[3] Here, it plainly appears that petitioner is not entitled to relief because he has not exhausted his state remedies. Therefore, the petition must be denied and dismissed.

**D. Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

**E. Motion for Leave to Proceed in Forma Pauperis**

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DENIED AND DISMISSED** for failure to exhaust state remedies. A separate order of dismissal will be entered herewith.

---

[3] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts states that "[t]he district court may apply any or all of these rules to a habeas petition not" filed pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 3rd day of March, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE